# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ERVIN ROBERTSON, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.<br>) |
| v. | ) **Jury Trial Demanded**<br>) |
| STELLAR RECOVERY, INC., | )<br>) |
| Defendant. | )<br>)<br>) |

## COMPLAINT

ERVIN ROBERTSON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STELLAR RECOVERY, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3. Defendant regularly conducts business in the State of Tennessee therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Nashville, Tennessee 37206.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation specializing in debt collection with its principal place of business located at 1327 U.S. Highway 2 W, Suite 100, Kalispell, MT 59901-3413, and an additional office located at 4500 Salisbury Road, Suite 105, Jacksonville, FL 32216.

9. Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt alleged to be owed to an unknown third party named Carlos Payton.

13. The alleged debt, if in fact owed by Plaintiff, could have only arose out of

2

transactions that were for personal, family, or household purposes since Plaintiff has no business debts.

14. At all relevant times, Plaintiff advised Defendant that he did not owe the debt, that he did not know a person named Carlos Payton, and that the person it sought to collect from could not be reached at Plaintiff's cellular telephone number.

15. Beginning in or around September 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect the alleged debt.

16. Defendant's collectors' calls originated from telephone numbers including, but not limited to, (877) 236-5791. The undersigned has confirmed that this number belongs to Defendant.

17. Defendant's collectors, including but not limited to an individual identifying herself as Tammy, called Plaintiff, on average, one to two times in a given day.

18. Plaintiff demanded that Defendant stop calling him and remove his number from its system.

19. Despite Plaintiff's demands not to be called, Defendant's collection calls persisted.

20. Once Defendant was aware that the debtor it sought to collect from could not be reached at Plaintiff's cellular telephone number, and that Plaintiff did not wish to be called, there was no legitimate reasons for additional calls, other than for the purpose of harassment.

21. Defendant's actions, as described herein, were taken with the intent to harass, upset and coerce payment from Plaintiff for an alleged debt that he does not owe.

## COUNT I
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

22. A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. Defendant violated § 1692d of the FDCPA when it placed repeated harassing telephone calls to Plaintiff's cellular telephone; when it continued calling Plaintiff after having knowledge that the target debtor could not be reached at Plaintiff's cellular telephone number, and, when it continued calling Plaintiff after having knowledge that its calls were unwanted.

## COUNT II
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

24. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated §1692d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular telephone with the intent to annoy, abuse, or harass Plaintiff.

## COUNT III
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

26. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

27. Defendant violated § 1692f when it harassed Plaintiff; when it failed to update its internal records to remove Plaintiff's cellular telephone number from its system after being requested to do so by Plaintiff; and, generally, when it used unfair and unconscionable means to

4

collect the alleged debt.

WHEREFORE, Plaintiff, ERVIN ROBERTSON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ERVIN ROBERTSON, demands a jury trial in this case.

Respectfully submitted,

DATED: February 6, 2015          By: /s/ Amy L. Bennecoff
                                            Amy L. Bennecoff, Esq.
                                            BPR # 28563
                                            Kimmel & Silverman, P.C.
                                            30 E. Butler Avenue
                                            Ambler, PA 19002
                                            215-540-8888
                                            abennecoff@creditlaw.com
                                            Attorney for Plaintiff